UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| DAZZLE YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 18-125-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dazzle Young is a prisoner confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Proceeding without a lawyer, Young has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I.**

On February 8, 2012, a jury in the United States District Court for the Northern District of Ohio found Young guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the United States filed a notice pursuant to 18 U.S.C. § 924(e) that, if Young was found guilty, he would be subject to an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), as Young has at least three prior convictions for a "violent felony" or "serious drug offense," or

both, committed on separate occasions. The convictions upon which the United States indicated that it would rely for the sentencing enhancement included the following:

1. Rape and Kidnapping, in Case Number 31482, in the Summit County Common Pleas Court, on or about July 26, 1962;

2. Aggravated Assault and Aggravated Trafficking, in Case Number CR 88 05 0704, in the Summit County Common Pleas Court, on or about November 18, 1988;

3. Aggravated Trafficking, in Case Number CR 92 07 1643, in the Summit County Common Pleas Court, on or about November 18, 1992;

4. Attempted Felonious Assault, in Case Number CR 93 10 2510, in the Summit County Common Pleas Court, on or about March 31, 2000; and

5. Conspiracy to Distribute and Possession with Intent to Distribute and Distribution of Cocaine, in the United States District Court, Northern District of Ohio, Case No. 5:07CR563-13, on or about June 13, 2008.

*United States v. Young*, No. 5:11-cr-328-JG-1 (2011) at R. 51.

Prior to sentencing, Young objected to the determination that he is an armed career criminal. *Id*. at R. 80. However, at sentencing, the trial court found that "there is more than sufficient evidence to support the finding that he comes under the armed career criminal classification," and found that each of his prior convictions were qualifying offenses, thus subjecting Young to the 15-year (180-month) mandatory minimum sentence under § 924(e)(1). [*Id*. at R. 112, p. 5]

However, rather than sentence Young to the 180-month mandatory minimum sentence under § 924(e)(1), the trial court

2

considered Young's recommended sentence under the United States Sentencing Guidelines. For purposes of Young's Sentencing Guidelines calculation, the trial court set Young's offense level at 33 and his Criminal History Category at IV, with a recommended Guideline range of 188 to 235 months. [*Id*. at p. 7, 9] The trial court considered the factors under 18 U.S.C. § 3553(a) and sentenced Young to "a guideline sentence, but at the low end" of 188-months imprisonment. [*Id*. at p. 11; R. 83]

The Sixth Circuit affirmed Young's conviction and sentence on direct appeal. *United States v. Young*, No. 12-3645 (6th Cir. Jan. 31, 2014). Young filed a habeas petition pursuant to 28 U.S.C. § 2255, arguing that he was entitled to relief from his conviction on ineffective assistance of counsel grounds, but this motion was denied. *United States v. Young*, No. 5:11-cr-328-JG-1 (2011) at R. 116, 141.

In his current § 2241 petition, Young seeks relief from his sentence on the grounds that: 1) he is "actually innocent" of the crime for which he was convicted; and 2) he was sentenced as an ACCA offender based on prior convictions that do not qualify as predicate offenses under the ACCA. [R. 1 at p. 2] However, Young's petition fails to establish viable grounds for relief on either of these claims and will, therefore, be denied.

**II.**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Young's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Young's claims raised in his § 2241 petition are simply not the kind which may be pursued under § 2241. A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not

be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). *See also Peterman*, 249 F.3d at 461. A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten*

5

*v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. The general rule is that new decisions are not retroactive "unless the new decision provides a criminal rule of procedure that is of 'watershed' importance or is a substantive change in the law that imposes a new burden on the states or federal government." *Id*. (citing *Teague v. Lane*, 489 U.S. 288 (1989)).

Young argues that he is "actually innocent" of the crime for which he was convicted because the use of fabricated evidence and perjured testimony during his jury trial and the grand jury proceedings violated his right to due process of law. [R. 1-1 at p. 8] He also questions his counsel's trial strategy with respect to filing a motion to exclude certain evidence at trial. [R. 1-1 at p. 13-14] However, Young's "actual innocence" claims are not the type of claims that may be pursued in a § 2241 petition via the savings clause of § 2255(e).

First, Young's "actual innocence" claims do not rely on a Supreme Court decision announcing a new, retroactively applicable

rule of statutory construction. Rather, to the extent that Young asserts that his due process rights were violated, he presents a constitutional, not statutory, claim that may only be pursued in a second or successive motion under 28 U.S.C. § 2255. Moreover, Young's claims of fabricated evidence, perjured testimony, and ineffective assistance of counsel are all claims of ordinary trial error which also could have and must have been pursued on direct appeal or in an initial motion under § 2255. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014). Indeed, Young's ineffective assistance of counsel claim has already been presented in a § 2255 petition and rejected by the trial court. *United States v. Young*, No. 5:11-cr-328-JG-1 (2011) at R. 116, 141.

Turning to Young's argument that his sentence was improperly enhanced, the decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*,

7

543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Young's petition does not fall into any of these categories. Young was sentenced in 2012 under a post-*Booker* advisory Guidelines regime. Indeed, although he was found to be a "career offender" for purposes of the ACCA, at sentencing, the trial court was clear that Young's 188-month sentence was based on the trial court's consideration of the recommended guideline range of 188 to 235 months and the relevant factors under 18 U.S.C. § 3553(a). *United States v. Young*, No. 5:11-cr-328-JG-1 (2011) at R. 112, p. 7, 9, 11] Thus, to the extent that Young claims that the trial court erred in determining that Young was a "career offender" for purposes of the ACCA, he was sentenced under the Guidelines, not under the ACCA.

Even so, Young relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and challenges whether his prior Ohio conviction for aggravated assault and his two prior Ohio convictions for drug trafficking qualify as predicate offenses for purposes of his

8

designation as a "career offender" under the ACCA.  However, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review.  *Wooten*, 677 F.3d at 307-08.  In *Mathis*, the Supreme Court made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held.  *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (holding that the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two decades worth)," nor has *Mathis* been declared retroactive by the Supreme Court).

Regardless, to the extent that Young challenges whether his conviction for aggravated assault in violation Ohio Rev. Code § 2903.12(A)(1)-(2) qualifies as a "violent felony" under the ACCA, the current binding, published precedent from the United States Court of Appeals for the Sixth Circuit holds that it does.  *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012).  *But see Williams v. United States*, 875 F.3d 803, 806 (6th Cir. 2017), *reh'g en banc granted, judgment vacated,* 882 F.3d 1169 (6th Cir. 2018).

In addition, to the extent that Young challenges the inclusion of his two Ohio drug trafficking convictions as "serious drug offenses" pursuant to § 924(e)(1)-(2)(A), in *Mathis*, the Supreme Court applied the "modified categorical approach" to analyze

9

whether a prior state burglary conviction qualified as a "violent felony" for purposes of § 924(e)(1). *Mathis*, 136 S. Ct. at 2250-51. *Mathis* did not address whether a prior drug offense is a "serious drug offense" for purposes of § 924(e)(2).

Moreover, under § 924(e)(2), a state law offense is a "serious drug offense" if it involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance..., for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). At the time of Young's convictions for drug trafficking in Ohio (1988 and 1992), the maximum sentence for violation of Ohio Rev. Code § 2925.03 (the statute of conviction challenged by Young in his § 2241 petition) was ten years, thus these convictions each qualify as a "serious drug offense" under § 924(e)(2)(A). *United States v. Thurman*, 525 F. App'x 401, 405 (6th Cir. 2013)(applying *McNeill v. United States*, 563 U.S. 816 (2011) and finding that Ohio drug trafficking offenses from 1990 and 1991 – prior to the time the maximum statutory sentence was reduced in 1996 – qualified as "serious drug offenses" for purposes of determining whether the defendant is an armed career criminal under the ACCA).[1]

---

[1] Although Young's petition states that he challenges his classification as a career offender under the ACCA, his petition confusingly argues that Young's prior Ohio drug trafficking convictions do not qualify as "controlled substance offenses" as defined by U.S.S.G. § 4B1.2(b) for purposes of calculating his Sentencing Guidelines range. However, in *United States v. Evans*,

Finally, even if the Young's state convictions for aggravated assault and drug trafficking are disregarded, Young also has prior state convictions for rape, kidnapping, felonious assault, as well as a prior federal conviction for conspiracy to distribute and to possess with intent to distribute a controlled substance, each of which the trial court also found to be a qualifying predicate offense for purposes of its finding that Young is a career offender under the ACCA. Young does not challenge the trial court's findings with respect to of any of these convictions in his § 2241 petition. Because 18 U.S.C. § 924(e)(1) requires only three prior violent felonies or serious drug offenses to warrant the enhancement of the sentence imposed for violating § 924(g)(1), Young was properly found to be a career offender for purposes of the ACCA, even without counting the three prior convictions that he challenges in his § 2241 petition.

For all of these reasons, Young may not rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition. Thus, his petition will be denied.

Accordingly, **IT IS ORDERED** that:

---

699 F.3e 858, 867 (6th Cir. 2012), the United States Court of Appeals held that "because a conviction under [Ohio Rev. Code] § 2925.03(A)(1) requires an intent to sell a controlled substance, such a conviction under the statute for an offer to sell is properly considered an attempt to transfer a controlled substance, which is a 'controlled substance offense' under the Guidelines." Thus, Young's argument to the contrary is without merit.

1. Young's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

4. No certificate of appealability shall issue as reasonable jurists would not disagree with the outcome reached herein.

This 12th day of July, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge